JOHN L. PLUMMER *vs.* GEORGE ODIORNE & another.

*The condition of a bond for the liberty of the prison limits is satisfied by the debtor's being admitted to take the poor debtors' oath on the ninety-first day from the date of the bond, without any surrender to the jailer either on or before that day.*

ACTION OF CONTRACT on a bond for the liberty of the prison limits, executed by George Odiorne as principal, and the other defendant as surety, and conditioned, as required by the Rev. Sts. c. 97, § 63, that Odiorne (who had been, on the day of the date of the bond, committed to jail on an execution obtained at the plaintiff's suit) should surrender himself to the jailer at the expiration of ninety days from its date, to be held in close confinement, if not sooner discharged by payment of the execution or by order of law.

At the trial in the superior court of Suffolk at January term 1856, it appeared that Odiorne was admitted to take the poor debtors' oath in due form on the ninety-first day after the day of the date of the bond; and never at any time surrendered himself to be held in close confinement. *Abbott*, J. ruled that the defendants were held. The defendants thereupon submitted to a verdict for the plaintiff, and alleged exceptions.

*I. Story*, for the defendants.

*B. Dean*, for the plaintiff.

DEWEY, J. The case of *Wiggin* v. *Peters*, 1 Met. 129, has settled the construction of the Rev. Sts. c. 97, §§ 63, 64, as to the time in which the debtor may surrender himself and save his bond given for securing the enjoyment of the liberty of the prison limits. It was there held, that such bond was not broken, if the debtor, at any time during the ninety-first day after the day of his commitment, surrendered himself to the jailer to be held in close confinement. This was held necessarily to result from the fact that he had the entire ninety days to discharge the execution by payment or otherwise, and therefore no duty devolved upon him of making the surrender of himself to the jailer until the ninety-first day.

It is said, however, that although this be so, yet if the debt be not discharged in some form on the ninetieth day, there must be a surrender on the ninety-first at the jail, and that nothing occurring after the ninetieth day can excuse or justify such omission of the debtor to surrender himself.

But, as it seems to us, if the proper construction of the statute be that the debtor has the right to make the surrender during the entire ninety-first day, it must necessarily follow that, if the execution has been discharged by payment, or discharge of the same by taking the poor debtors' oath before the expiration of the time within which the debtor is required to surrender himself to the jailer, there can be no breach of the bond in not surrendering himself after he has thus been discharged. He is required to surrender himself to the jailer " to be held in close confinement." But that cannot be required when no lawful authority exists on the part of the jailer to hold the party in close confinement. The purpose of the surrender required on the ninety-first day no longer exists. The party cannot be kept in close confinement after filing with the jailer the certificate of his discharge, by having taken the poor debtors' oath. The surrender in such case would be the merest form, resulting in nothing, for the same moment the surrender is made the jailer must discharge the prisoner from his custody and from all confinement in prison.

It results from this view of the case that if, at any time before the expiration of the time in which the party is required to surrender himself, he is legally discharged from all imprisonment, and not liable to close confinement on the execution on which he was originally committed, no action can be maintained upon his prison bond for his not surrendering himself to the jailer to be held in close confinement. In the present case the debtor having, in pursuance of proper previous proceedings, been discharged at ten in the morning on the ninety-first day after his commitment, and the certificate thereof having been duly filed with the jailer on the same day, there was no duty devolving upon the debtor to surrender himself after such filing of the certificate with the jailer; and no action therefore accrues

to the creditor upon his prison bond by reason of his omission to surrender himself under such circumstances.

*Exceptions sustained.*